IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
1:53 pm, 11/6/19
U.S. Magistrate Judge

MARATHON OIL PERMIAN, LLC,

    Plaintiff,

vs.

OZARK ROYALTY COMPANY, LLC,

    Defendant.

Case No. 18-CV-548-F-R

## ORDER DENYING DEFENDANT'S MOTION TO QUASH [DOC. 99].

This matter is before the Court on Defendant's Motion to Quash Subpoena of American Association of Professional Landmen, Inc. (AALP), a nonparty, alleging that the subpoena seeks irrelevant and protected subject matter which warrants the Court's protection [Doc. 99]. Having considered the Motion, and Plaintiff's Response, the Court finds as follows:

### BACKGROUND

This action concerns an oil and gas lease governing approximately forty acres in Lea County, New Mexico (the "Lease"). According to Plaintiff, Defendant became the lessee of the property in question in November 2016. Shortly thereafter, Defendant transferred its interest in the Lease to Black Mountain Oil and Gas, LLC (Black Mountain), through an Assignment, which was authorized by Defendant's Senior Vice President and General Counsel, Mr. Brian Coker. However, the Assignment was never properly executed because of a notary error. In July 2017, Black Mountain allegedly assigned its interest in the lease to Plaintiff, including the rights to claims against Defendant under the Ozark-Black Mountain

Assignment. Unbeknownst to Plaintiff and Black Mountain, Plaintiff contends that Defendant assigned its purported interest in the Lease to Tap Rock, LLC, in November 2017. Plaintiff now seeks to recover for slander of title, breach of contract of the covenant of good faith and fair dealing, breach of warranty, and, in the alternative, breach of contract as successor-in-interest.

Recently, Plaintiff informed Defendant of its intention to serve a subpoena on the AAPL, a non-party to this action. It is undisputed that Plaintiff's motive for the subpoena is to seek all documents and communication related to Mr. Coker's employment with and subsequent expulsion from AAPL, alleging that his expulsion was for behavior similar to the actions alleged in this suit. (*See* ECF No. 99). Plaintiff's subpoena was issued accordingly in the United States District Court of New Mexico on September 30, 2019.

Defendant now seeks to quash the subpoena in its entirety, asserting it requires AALP to disclose documents and other information that is irrelevant, inadmissible, and confidential [Doc. 99].[1] Defendant also asserts it possesses the required standing to object to the subpoena on the grounds that it has a personal right or privilege in the subject matter sought by the subpoena because of its potential to reveal information of both Defendant's financial affairs and employment records.

In Response, Plaintiff objects to Defendant's Motion and requests it be denied in full [Doc. 105]. Plaintiff states the subpoena seeks evidence relevant to its claim for punitive damages, and argues the federal rules governing discovery do not require evidence sought to be admissible. Plaintiff also argues that Defendant's vague statements regarding protected or

---

[1] AALP did not object to the subpoena. Instead, it provided Plaintiff with responsive documents but instructed Plaintiff not to review the contents unless and until the Motion to Quash was resolved by the Court.

confidential subject matter fails to meet its burden of proof in this regard. Finally, Plaintiff contends this Court lacks jurisdiction to quash or modify the subpoena because it is not the court where compliance is required.

## RELEVANT LAW

It is well recognized that "[a] rule 45 subpoena is the proper and only method to conduct discovery of a nonparty." *Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 397–98 (D. N.M. 2018). Generally, when a subpoena is served on a non-party, a party to the suit lacks standing to object. *In re Capuccio*, 558 B.R. 930, 933 (W.D. Okla. 2016). However, "[a]n exception to the general rule occurs where the challenging party asserts that a personal right or privilege with respect to the material subpoenaed exists." *Id.*

As a preliminary matter, however, the Court requested to quash a subpoena must have jurisdiction to do so. *See* FED. R. CIV. P. 45. The Federal Rules of Civil Procedure state that "[o]n timely motion, the court for the district *where compliance is required*" may quash or modify a subpoena. FED. R. CIV. P. 45(d)(3) (emphasis added). Required compliance is considered under the provisions of Rule 45(c)(2), which provide that "[a] subpoena may command the production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" FED. R. CIV. P. 45(c)(2); *Id.* (advisory committee notes to the 2013 Amendment) (stating that "subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)"). These limitations serve to protect nonparties from potential abuses. *See* FED. R. CIV. P. 45 (advisory committee notes to the 2013 Amendment). Therefore, Rule 45 requires subpoenas "be issued from the court where

the action is pending," while "the authority to quash or modify the subpoena remains with the court for the district where compliance is required." *Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC,* No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, at *1 (D. Kan. June, 26 2015) (internal quotations omitted).

However, "Rule 45(f) provides authority for [the] court [of compliance] to transfer the motion to the court where the action is pending." *Id.* This rule applies to all motions made under Rule 45. *See id.* Only "[a]fter transfer, [can] the court where the action is pending [] decide the motion." *Id.* But, "[a]ny such transfer [is] not initiated by the issuing court." *Cargill*, 2015 WL 3935726, at *1. Therefore, where a subpoena-related matter is filed with the issuing court and not the court where compliance is required, the issuing court lacks jurisdiction to decide the matter. *See, e.g.*, *id.* (finding that the court where compliance was required was the District Court in Denver, Colorado, and no transfer had occurred, and holding the District Court of Kansas lacked authority to rule on the defendant's motion to quash).

### RULING OF THE COURT

Based on the preceding, this Court does not have jurisdiction to decide the subpoena-related matter at issue in Defendant's Motion to Quash [Doc. 99]. The place of compliance for the subpoena in question is within 100 miles of where the AALP regularly conducts business in person. *See* FED. R. CIV. P. 45(c)(2). According to Plaintiff's subpoena, the AALP regularly conducts business in Dallas, Texas. Because Dallas, Texas, is well-over 100 miles from this Court, it is without jurisdiction to make substantive determinations regarding the Motion. *See* FED. R. CIV. P. 45(c)(2). The proper court to decide such issues is the court of compliance.

NOW, THEREFORE, IT IS ORDERED Defendant Ozark Royalty Company, LLC's Motion to Quash Subpoena of American Association of Professional Landmen, Inc. is DENIED for lack of jurisdiction.

DATED this 6th day of November, 2019.

Kelly H. Rankin
United States Magistrate Judge